IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| TYLER CONSTRUCTION CO., | ) | |
| | ) | No. 08-94C |
| Plaintiff, | ) | (Judge Wiese) |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF

Defendant, the United States, respectfully submits this response to Tyler's supplemental brief for the limited purpose of clarifying counsel's remarks at oral argument. On page 2 of its supplemental brief, Tyler states that the defendant "misled" the Court "unintentionally" during oral argument about whether a task order would "exceed $31 to $32 million."[1] Pl. Suppl. Br. 2. In response to the Court's questions, however, counsel for defendant explained that the typical task order amount set forth in the Solicitation ($31.25 million) was an "average across all the barracks," with "some that are smaller" and "some that are bigger":

> THE COURT: But you said the typical task order would involve $30 million.
>
> MR. EDELSCHICK: That's right, Your Honor.
>
> THE COURT: And you're saying small business is not, doesn't have the experience to meet that level of construction?
>
> MR. EDELSCHICK: Well, Your Honor, that number is an average across all the barracks. And there are some barracks that are smaller, and some that are bigger, just by virtue of the number of occupants that are needing it.

[1] Defined terms in our motion for judgment upon the administrative record, Dkt. No. 22 (filed April 25, 2008), have the same meaning in this response.

> And there are some of the barracks that are on order of magnitude of, I think there is one for about $16 or $17 million, and there's one for $19 million and change.
>
> *    *    *    *    *
>
> THE COURT: So what you've just said to me is that you could read the solicitation, and come to the conclusion that a given task order is not going to involve more than $31 to $32 million.
>
> MR. EDELSCHICK: That's the only conclusion to draw from reading the solicitation, because that's what it says.

June 25, 2008 Tr. Of Proceedings 83:12-84:1, 105:9-15. Counsel for defendant understood the Court's last question, excerpted above, to refer to the average or typical task order amount ($31.25 million). To the extent that the Court's last question was intended to refer to the maximum task order amount, as Tyler suggests, rather than the typical task order amount, we refer the Court to our supplemental brief for a review of this issue. Def. Suppl. Br. 3-4.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in our opening, reply, and supplemental briefs, we respectfully request that the Court grant the United States judgment upon the administrative record, deny plaintiff's cross-motion for judgment on the administrative record, and deny plaintiff's requests for permanent injunctive relief and declaratory relief.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530
Tel: (202) 353-9303

Attorneys for Defendant

OF COUNSEL:

Thomas J. Warren, CPT, JA
Office of the Chief Counsel
United States Army Corps of Engineers
441 G. St. N.W.
Washington, DC 20314

Charles L. Webster III
Engineer Trial Attorney
United States Army Corps of Engineers
Fort Worth District
819 Taylor Street
Fort Worth, Texas 76102

July 22, 2008

CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2008, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas G. Edelschick